**Philip L. ZIMMERMANN, Plaintiff,**
v.
**UNITED STATES of America,
Defendant.**
**No. 9941(3).**

United States District Court
E. D. Missouri, E. D.

March 26, 1958.

Bertram W. Tremayne, Jr., St. Louis, Mo., for plaintiff.

Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo., for defendant.

WEBER, District Judge.

Plaintiff files his Complaint in three counts, in which he seeks to recover a refund for alleged payment of taxes in the years 1948, 1949 and 1950. The total amount of plaintiff's claim does not exceed the sum of $10,000 and, therefore,

1

under Title 28 U.S.C.A. § 1346, as amended, this Court has jurisdiction.

Plaintiff, in his complaint, seeks to invoke the exemption provided in 26 U.S. C.A. § 22(b) (2) (A), wherein amounts received under a life insurance or endowment contract shall not be included in gross income and shall be exempt from taxation.

Plaintiff contracted with the Massachusetts Mutual Life Insurance Company under a single premium endowment policy No. 669410 in 1924. In 1927 he again contracted with the same company under policy No. 790720, which was designated as a single premium deferred annuity. Various options existed in these contracts and for the purposes of this opinion, it may be noted that on May 29, 1933, plaintiff and the company combined the two policies into a single fund account and plaintiff elected to have the combined balance ($87,389.92) paid under Option A in monthly installments of $337.36. Option A provided that payments could be made in equal installments until the proceeds and the interest were exhausted.

Subsequently, in May 1940, plaintiff elected to take annual payments of $3,000 in lieu of monthly payments aforesaid under Option A.

For the taxable year 1951 plaintiff litigated the taxability of the proceeds from the two contracts before the Tax Commissioner, then appealed to the Tax Court, and finally appealed to the 8th Circuit Court of Appeals in the cause of Zimmermann v. Commissioner of Internal Revenue, 8 Cir., 1957, 241 F.2d 338. That cause involved the same policies here involved, except the issues were confined to the taxable year of 1951, while this cause concerns the three years immediately preceding 1951.

■ The government in this case seeks to invoke the doctrine of "collateral estoppel", contending that Zimmermann v. Commissioner of Internal Revenue, supra, is res adjudicata to the issues here presented.

It is this Court's opinion that such defense is not well taken for the issues here involved are for different years than those presented in that case. However, such determination is not vital nor necessary to this opinion as the instant case turns on a different issue. This issue is set forth in the 8th Circuit's Opinion aforesaid and the following quotations from it should be noted:

> At loc. cit. 340 thereof VanOosterhout, C. J., said, "The Tax Court held the policy last described (790720) was neither a life insurance nor an endowment contract. We agree. The contract does not fall within the definition of an endowment policy, heretofore set out, nor does it conform to any recognized definition of life insurance." (Parenthesis supplied.)

> At loc. cit. 344 it was further said, "We have heretofore determined that the proceeds of policy No. 669410 are exempt from taxation as amounts received under an endowment contract, *and that policy No. 790720 is not an insurance or endowment contract, and hence amounts received thereunder are not exempt under section 22(b) (2) (A)*. As heretofore stated, the proceeds of the two policies were by agreement combined in one account." (Italics supplied.)

The Court then held that because tax exemptions do not turn upon general equitable considerations and depend upon legislative grace and are to be strictly construed, the Court could not say from the record before it how much of the $3,000 annual payment comes out of the proceeds of each policy. Zimmermann v. Commissioner of Internal Revenue, supra, loc. cit. 344, at syllabi 4 and 5.

■ A close reading of the above opinion, while not res adjudicata, nevertheless, under the doctrine of *stare decisis*, determines the issues here involved and this Court is bound by such determination. It was specifically held therein that policy No. 790720 was not an insurance or endowment contract; that the payments thereunder were not subject to the exemption of § 22(b) (2) (A); that

plaintiff failed to carry the burden of proof necessary to determine which part of the payments by the insurance company were from the respective policies; that consequently, the entire proceeds from the combined policies was taxable income.

Plaintiff now contends that in this case he has shown which part of the annual payments were from policy No. 790720, and which part from policy No. 669410. His only proof offered on this was that where the contract did not specifically provide for the allocation, the company had a practice of theoretically pro-rating on the basis of the cash surrender value of the policies at the time of combination.

It is this Court's opinion that this proof is insufficient to show proceeds were allocated. In fact, plaintiff's evidence showed that the insurance company in 1949 began to change its bookkeeping set-up with regard to all policies similar to those held by plaintiff, but their witness at the trial testified, "About a year ago we realized that we should have separated the two contracts. We never saw it and our failure was an oversight. We just failed to change this one in 1949." Therefore, plaintiff's contention does not stand up.

The 8th Circuit Court of Appeals had before it in Zimmermann v. Commissioner of Internal Revenue, supra, the amounts paid in on the respective contracts for the years in question here and they could have determined the issues in that case on a pro-rata basis, but they did not. And the reason they did not is the same apparent reason as here present, namely, the plaintiff and the insurance company entered into a contract and the contract failed to provide for such pro-rata designation.

The contract could have so provided, in fact, the company admits it "just overlooked" plaintiff's contract at the time it was changing all others.

Why should the courts be called upon to do for the parties that which they failed to do for themselves? To do so would be to resort to surmise, guess-work and speculation. To do so would be to write contracts for parties covering matters they failed to provide for among themselves.

The plaintiff in the instant case is in the same position he was in in the matter already decided. He has failed to show an agreement with the insurance company as to the division of the earnings of the two policies. One of these policies, namely, 669410, was expressly declared exempt by the 8th Circuit Court of Appeals, but the policy in question, namely, 790720, was specifically declared as not exempt. Plaintiff and his co-contractee failed to provide a way in which the proceeds of the latter numbered policy could be specifically designated. Therefore, he has failed in his proof and because of his failure, the Commissioner of Revenue would be justified in not allowing him the exemption, and having paid the tax, and still failing to show anything but an arbitrary custom of allocation, plaintiff cannot now justify a refund.

For the reasons herein stated, an order shall be prepared finding the issues for the defendant and against plaintiff on all three counts of his petition.